## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DAWN TRAPANI, | : | |
| | : | |
| Plaintiff, | : | |
| | : | **CIVIL ACTION** |
| v. | : | |
| | : | |
| MARTIN O'MALLEY[1] | : | **No. 22-cv-00506-RAL** |
| COMMISSIONER OF SOCIAL | : | |
| SECURITY, | : | |
| | : | |
| Defendant. | | |

**RICHARD A. LLORET**                                          **May 6, 2024**
**U.S. MAGISTRATE JUDGE**

### MEMORANDUM OPINION

The Commissioner of Social Security, through the decision of an Administrative Law Judge ("ALJ"), denied Dawn Trapani's application for Social Security Disability Insurance Benefits. The ALJ determined that Ms. Trapani was capable of a range of light work and so was not disabled under the definition of the Social Security Act. R. 26–27.[2] After careful review, I find that the ALJ's decision is supported by substantial evidence and affirm.

### PROCEDURAL HISTORY

Ms. Trapani filed a claim for supplemental security income on February 4, 2020, alleging disability since that date. R. 17, 26, 59–60. The SSA denied her claim initially, and again on reconsideration. R. 74, 101. An ALJ held a hearing at which Ms. Trapani and a vocational expert ("VE") testified. R. 33–58. The ALJ found that Ms. Trapani was

---

[1] Martin O'Malley became the Commissioner of Social Security on December 20, 2023. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Martin O'Malley should be substituted for Kilolo Kijakazi as Defendant. No further action need be taken to continue this suit by reason of the last sentence of Section 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

[2] All references to the administrative record will be listed as "R. ____". The administrative record is document number six on ECF.

not disabled from February 4, 2020 through the date of the decision, July 29, 2021. R. 26–27. The Appeals Council denied Ms. Trapani's request for review, making the ALJ's decision the Commissioner's final decision for purposes of judicial review. R. 1–4. This civil action followed. Doc. No. 1.[3] Ms. Trapani contends that the ALJ did not reasonably explain her residual functional capacity ("RFC") finding, and that the RFC is not supported by substantial evidence.

At step two of the sequential evaluation process[4] the ALJ determined that since November 4, 2020, Ms. Trapani's alleged onset date of disability, she suffered from the following severe impairments: degenerative disc disease of the cervical and lumbar spine, depressive disorder, and generalized anxiety disorder. R. 20. At step three, the ALJ found that Ms. Trapani's impairments, separately or together, did not meet or equal the criteria of any of the Commissioner's listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. R. 21–22.

After a review of the evidence, the ALJ found that Ms. Trapani generally had the RFC to perform a range of light work, with further limitations of no more than frequent climbing of ramps, stairs, ladders, ropes, and scaffolds, as well as balancing, stooping, kneeling, crouching, and crawling, and no more than occasionally operating foot controls bilaterally. R. 22. The ALJ found that Ms. Trapani was unable to return to her "very heavy" (as actually performed) past relevant work. R. 25. At step five the ALJ concluded that Ms. Trapani could perform other work that existed in significant numbers in the national economy, including sorter I, marker, and office helper. R. 26–

---

[3] Unless otherwise indicated, all references to the electronically docketed record will be cited as "Doc. No. ____ at ____."

[4] The ALJ performed the five-step analysis required under the regulations. *See Hess v. Comm'r of Soc. Sec.*, 931 F.3d 198, 201–03 (3d Cir. 2019).

27. The ALJ's conclusion was based on the VE's expert testimony, which assumed functional restrictions established by the ALJ's RFC. *Id.*

## STANDARDS OF REVIEW

Ms. Trapani has the burden of showing that the ALJ's decision was not based on "substantial evidence." 42 U.S.C. § 405(g); *Rutherford v. Barnhart*, 399 F.3d 546, 552 (3d Cir. 2005). "Substantial evidence" is not a high standard. *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019). "It means—and means only—such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* (citations and internal quotations omitted).

I exercise "plenary review over questions of law." *Newell v. Comm'r of Soc. Sec.*, 347 F.3d 541, 545 (3d Cir. 2003) (citation omitted). I must determine whether the ALJ applied the proper legal standards in reaching the decision. *See Coria v. Heckler*, 750 F.2d 245, 247 (3d Cir. 1984); *see also Trinh v. Astrue*, 900 F. Supp. 2d 515, 518 (3d Cir. 2012) (citing *Fargnoli v. Massanari*, 247 F.3d 34, 38 (3d Cir. 2001)). Accordingly, I can overturn an ALJ's decision based on a harmful legal error even when I find that the decision is supported by substantial evidence. *Payton v. Barnhart*, 416 F. Supp. 2d 385, 387 (E.D. Pa. 2006) (citing *Friedberg v. Schweiker*, 721 F.2d 445, 447 (3d Cir. 1983).

An ALJ must provide sufficient detail in her opinion to permit meaningful judicial review. *Burnett v. Comm'r of Soc. Sec. Admin.*, 220 F.3d 112, 120 (3d Cir. 2000). When dealing with conflicting medical evidence, the ALJ must describe the evidence and explain her resolution of the conflict. As the court of appeals observed in *Plummer v. Apfel,* 186 F.3d 422, 429 (3d Cir. 1999),

> when a conflict in the evidence exists, the ALJ may choose whom to credit but "cannot reject evidence for no reason or for the wrong reason." *Mason v. Shalala,* 994 F.2d 1058, 1066 (3d Cir. 1993). The ALJ must consider all

the evidence and give some reason for discounting the evidence [she]
rejects. *See Stewart v. Sec'y of H.E.W.,* 714 F.2d 287, 290 (3d Cir.1983).

While it is error for an ALJ to fail "to consider and explain his reasons for discounting
all of the pertinent evidence before him in making his residual functional capacity
determination," *Burnett*, 220 F.3d at 121, an ALJ's decision is to be "read as a whole."
*See Jones v. Barnhart*, 364 F.3d 501, 505 (3d Cir. 2004); *Caruso v. Comm'r. of Soc.
Sec.*, 99 Fed. App'x. 376, 379–80 (3d Cir. 2004) (examination of the opinion, as a whole,
permitted "the meaningful review required by *Burnett*," and a finding that the "ALJ's
conclusions [were] . . . supported by substantial evidence."). The issue is whether, by
reading the ALJ's opinion as a whole, with the record, the reviewing court can
understand why the ALJ came to her decision and identify substantial evidence in the
record supporting the decision. *Id.* at 379. I must rely on the record developed during
the administrative proceedings along with the pleadings in making my determination.
*Trinh*, 900 F.Supp.2d at 518; *see also* 42 U.S.C. § 405(g). I may not weigh the evidence
or substitute my own conclusions for those of the ALJ. *Chandler v. Comm'r of Soc. Sec.*,
667 F.3d 356, 359 (3d Cir. 2011). I must also defer to the ALJ's evaluation of evidence,
assessment of the witnesses, and reconciliation of conflicting expert opinions. *Diaz v.
Comm'r of Soc. Sec.*, 577 F.3d 500, 506 (3d Cir. 2009).

## DISCUSSION

"The real issue[,]" argues Ms. Trapani, is her "pain and her inability to do more
than sedentary work." Doc. No. 7 at 2 ("Pl. Br."). Plaintiff argues that the ALJ did not
consider contrary evidence. *Id.* at 1–2. She contends that at the hearing before the ALJ
her attorney gave an opening statement that focused on Ms. Trapani's pain; Ms. Trapani
testified to pain; and the "ALJ cites no contrary evidence to support her decision that
[Ms. Trapani] can perform light work." *Id.* at 1. This flips the burden of proof on its

head. It is Plaintiff who bears the burden of proving a disabling condition at steps one through four. *Smith v. Comm'r of Soc. Sec.*, 631 F.3d 632, 634 (3d Cir. 2010) (the burden of proof is on the claimant at all steps except step five, where the burden is on the Commissioner of Social Security).

Ms. Trapani submitted a very thin record on her medical treatment for pain. Her brief summarizes the medical evidence thus:

> She suffers from: neck and lower back pain, that the pain is worse when she sits, bends, walks and that it is helped with a TENS unit and with hot packs, and lying down (R. 472, 477, 733, 737). The MRI shows multilevel degenerative change in L3-4, L4-5 (R. 731) with mild and mild-moderate stenosis (R.730) and mild stenosis at C5-5 with some straitening of the cervical spine (R. 564).

Pl. Br. at 2. Based on this summary, Ms. Trapani went to the SEPA pain clinic a total of four times: on November 3, 2020, December 1, 2020, June 10, 2021, and July 13, 2021. R. 472–477, 733–37. She had an MRI of her lumbar spine done January 12, 2021 at St. Mary's. R. 730–31. She had a CT scan of her cervical spine done at Jefferson on May 12, 2018. R. 564. Neither the CT scan nor the MRI revealed obviously disabling abnormalities. There is no medical opinion in the record regarding Ms. Trapani's functional limitations due to her pain, or the conditions which cause the pain.

The ALJ reviewed the evidence concerning Ms. Trapani's pain at some length, including both Ms. Trapani's hearing testimony and the sparse medical records. R. 23–24. The ALJ concluded that, despite some pain, Ms. Trapani's impairments did not preclude light work, subject to some additional restrictions. The ALJ noted that Ms. Trapani's treatment yielded improvement in her symptoms, and the objective clinical findings do not support her claims of significantly decreased activities of daily living. My review of the sparse record presented by Plaintiff convinces me that the ALJ's conclusion was reasonable and based on substantial evidence. For instance, Ms. Trapani told her provider that her medication "helped immensely" with her joint pain, though it

caused some nausea. R. 472. She reported that her medication was "managing her pain well," just weeks before the ALJ's opinion. R. 733. Ms. Trapani's treating physician reported "decreased pain with . . . conservative measures[.]" R. 472, 733.

## CONCLUSION

Because I find the ALJ committed no error, I will affirm the decision of the ALJ and dismiss the appeal. I will enter an Order and Judgment accordingly.


**BY THE COURT:**


 *s/Richard A. Lloret*
**RICHARD A. LLORET**
**U.S. Magistrate Judge**